IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

US BANK NATIONAL ASSOCIATION ND                                      PLAINTIFF

V.                              CASE NO. 4:11CV00123 JMM

ELENDER ESCROW, INC., ET. AL                                         DEFENDANTS

ORDER

Pending are Plaintiff's Motion for Reconsideration or, in the Alternative, Motion for Clarification and Motion for Leave to File Second Amended Complaint. For the reasons stated below, the Motion for Reconsideration (#167) and the Motion for Leave to File Second Amended Complaint (#169) are denied. Plaintiff's Alternative Motion for Clarification is granted (#167).

I. *Motion to Reconsider and Motion for Clarification*

The Court's Order of November 21, 2011, did not give Plaintiff permission to file a Second Amended Complaint because Plaintiff failed to follow Local Rule 5.5. *See U.S. Bank National Association ND v. Elender Escrow, Inc., Et Al.,* Case No. 4:11CV00123, Doc. No. 165. However, Plaintiff contends that its one sentence conditional request to amend set forth in a responsive pleading was procedurally sufficient to amend its complaint under the Federal Rules of Civil Procedure and the Local Rules for the Western District of Arkansas. The Court does not agree. Under the Federal Rules of Civil Procedure and the Local Rules, a motion, brief in support of that motion, and the proposed amended complaint should be filed with the Clerk of the Court in order to fairly place amendment of a complaint before a court. *Drobnak v. Andersen Corp,* 561 F.3d 778, 787 (8th Cir. 2009) (District Court did not abuse discretion when it denied a "plaintiff's conditional request for leave to amend in cases in which the substance of the proposed

1

amendment was unclear and the local rules were not followed"); *Victor Foods, Inc. v. Crossroads Economic Development*, 977 F.2d 1224, 1227 (8th Cir. 1992) (one vague sentence on one page of memorandum in opposition to the motion to dismiss which did not propose new or different allegations insufficient to amend complaint); *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir.1983) (failure to submit motion and proposed amendments and only requesting leave to amend in responsive pleading is insufficient; party must submit proposed amendment).

Plaintiff alternatively contends that if his conditional request was insufficient, he should be allowed to amend his complaint based upon excusable neglect. Typically, Courts construe a Motion to Reconsider as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). However, Plaintiff argues that it should be allowed to amend based upon excusable neglect. Allowing amendment of a judgment based upon excusable neglect comes under the purview of Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 60(b)(1) (relief from final judgment, order, or proceeding may be amended based upon excusable neglect).[1]

In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) (citation omitted). These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis. *See In re Guidant Corp.*, 496 F.3d at 867.

---

[1] Because the Court's November 21st Order was not a final judgment, Rule 60(b) would not be applicable. Nonetheless, the Court will address the excusable neglect issue.

After considering all these factors, the Court finds that (1) at this stage of the litigation, the Defendants would be prejudiced if amendment were allowed; (2) the length of delay between the time of Motion to Amend and the filing of the Second Amended Complaint and Plaintiff's initial conditional request for amendment was five months which has had a significant impact on this litigation; (3) Plaintiff made the decision to defend his First Amended Complaint rather than amend when he made his amendment request conditional upon the outcome of the pending motions to dismiss and this decision caused delay; and (4) there is no evidence that Plaintiff acted in bad faith. The Court finds that Plaintiff is not entitled to relief primarily because of Plaintiff's decision to defend rather than amend when confronted with credible motions to dismiss based upon insufficient pleadings.[2]

Plaintiff alternatively seeks an explanation as to whether its claims were dismised with or without prejudice. Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal for lack of jurisdiction is not an adjudication on the merits and thus such a dismissal should be without prejudice. *See Johnson v. Boyd–Richardson Co.*, 650 F.2d 147, 148 (8th Cir.1981) (when a dismissal is for lack of jurisdiction, the effect is not an adjudication on the merits). However, under the same rule, a dismissal for failure to state a claim upon which relief can be granted is an adjudication on the merits. *See Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

Thus Plaintiff's claims against Brown, Hickson, Tueckes, CommerceWest and Pollock

---

[2]To the extent that Plaintiff's Motion to Reconsider might be considered a Rule 59(e) or Rule 54(b) Motion, it fails as Plaintiff has failed to point to any manifest errors of law or fact in the Court's November 21st Order other than the denial of the request to amend or to present newly discovered evidence.

were dismissed without prejudice. Plaintiff's claims against PrimeLending, CommonWealth, and Lawyers Title were dismissed with prejudice. Plaintiff's negligence *per se* claim set forth in its 15th Cause of Action and the negligence claim set forth in 23rd Cause of Action against Stewart Title were also dismissed with prejudice.

II. *Motion to Amend*

If a responsive pleading has already been served, "a party may amend the party's pleading only by leave of court ... and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). A district court may appropriately deny leave to amend "where there are compelling reasons 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (*quoting Becker v. Univ. of Nebraska*, 191 F.3d 904, 907-08 (8th Cir.1999)). In most cases, "[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir.1998). However, unexcused delay is sufficient to justify the court's denial if the party is seeking to amend after the district court has dismissed the claims it seeks to amend. *See Carlon v. Thaman (In re NationsMart Corp. Sec. Litig*.), 130 F.3d 309, 322 (8th Cir.1997). This is particularly true when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so.

Based upon the record, Plaintiff was on notice of the insufficiency of its pleadings. Plaintiff was well aware of the October 14, 2010 Order by this Court in *Gibbs v. Primelending, et al.*, Case No. 4:10CV00293, in which it set out the factual allegations required to establish conspiracy jurisdiction and the factual allegations required to sufficiently plead fraud.

The Court of Appeals for the Eighth Circuit has held that when a plaintiff adopted a strategy to vigorously defendant its initial complaint despite its obvious deficiencies, a denial for leave to amend after dismissal for failure to plead sufficient facts to support a fraud claim was not an abuse of discretion by the District Court. *See United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir.2009).

Plaintiff also seeks to amend its complaint to include claims of bad faith against Stewart Title and new causes of action against Netco and Netco Title. Plaintiff contends that amendment to include these new claims are based upon "the additional allegations uncovered" in drafting his proposed Second Amended Complaint. A review of the exhibits, however, attached to the proposed complaint reflect that all of these documents were available to Plaintiff at the time it filed its First Amended Compliant with the exception of the statement by Jon Vonder Haar which relates to his understanding of the Local Rules. There are no claims by Plaintiff that it has discovered new evidence which would support the addition of these claims at this stage of the litigation.

IT IS SO ORDERED THIS     10     day of  January, 2012.


_____
James M. Moody
United States District Court